IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARLON D. DUFFIE,

                      Petitioner,

v.                                                                ORDER

REED RICHARDSON,[1]                                 15-cv-198-jdp

                      Respondent.

---

Petitioner Marlon Duffie is a Wisconsin prisoner currently housed at the Stanley Correctional Institution. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a 2012 conviction in the Wisconsin Circuit Court for Racine County. Petitioner has paid the $5 filing fee. The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In screening a pro se litigant's petition, I must read the allegations of the petition generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the petition with this principle in mind, I conclude that it must be dismissed because petitioner is plainly not entitled to relief.

BACKGROUND

I draw the following information from the petition and from publically available information about petitioner's underlying criminal convictions.

---

[1] Petitioner listed the State of Wisconsin as the respondent. Dkt. 1, at 1. I have amended the caption to include the warden of petitioner's institution, Reed Richardson, as the respondent.

In 2011, the state charged petitioner with attempted first-degree intentional homicide and two counts of causing mental harm to a child. The charges arose out of petitioner severely beating his wife in front of their two young children in a grocery store parking lot. Petitioner contended that he was so drunk at the time that he did not know what he was doing. The case proceeded to jury selection, but petitioner entered a plea before the trial actually began. Petitioner ultimately pleaded no contest to second-degree reckless injury, first-degree recklessly endangering safety, and substantial battery with intent to cause bodily harm. Petitioner's later motion to withdraw his plea was unsuccessful. The state court sentenced petitioner to a total of 16 years and 6 months of initial confinement and 12 years of extended supervision.

Petitioner appealed his conviction and sentence to the Wisconsin Court of Appeals. His appellate counsel filed a no-merit report, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and petitioner responded. The court of appeals independently reviewed whether: (1) the trial court had erred in refusing to allow petitioner to withdraw his plea; (2) petitioner's sentence was unduly harsh or unreasonable; and (3) petitioner was deprived of his right to a speedy trial. The court of appeals agreed with appellate counsel that there was no arguable merit to any of these issues.

Petitioner raised one issue in his response the no-merit report, contending that first-degree recklessly endangering safety was a lesser-included offense of second-degree reckless injury. According to petitioner, his conviction for both offenses for a single act violated his double jeopardy rights. The court of appeals rejected this argument and summarily affirmed petitioner's conviction and sentence. The Wisconsin Supreme Court denied petitioner's

petition for review, and he timely filed a petition for a writ of habeas corpus in this court on March 30, 2015.

ANALYSIS

Petitioner raises one ground for habeas relief. He contends that his convictions for first-degree recklessly endangering safety and second-degree reckless injury violate his double jeopardy rights. Dkt. 1, at 5.

The Fifth Amendment to the United States Constitution provides that no person may "be subject for the same offence to be twice put in jeopardy of life or limb." One of the ways in which a criminal defendant may be "twice put in jeopardy of life or limb" is to be punished for two statutory crimes for a single offence when one of the crimes is a lesser included offense of the other. *Boyd v. Boughton*, 798 F.3d 490, 493 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 899 (2016). A lesser included offense is one that contains no additional elements beyond those required of the greater offense. This is the type of violation that petitioner alleges in his petition: he contends that first-degree recklessly endangering safety is a lesser included offense of second-degree reckless injury.

Courts apply a two-step test to determine whether multiple punishments in the same proceeding violate the Double Jeopardy Clause. At the first step, the court "must evaluate the statutes at issue by applying the *Blockburger* test. If the statutes pass *Blockburger* (i.e., if they are different offenses), then there is no double-jeopardy violation." *Id.* at 498 (referring to *Blockburger v. United States*, 284 U.S. 299 (1932)). Under *Blockburger*, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304. "Put differently, if Statute 1

3

requires an element that Statute 2 does not; and Statute 2 requires an element that Statute 1 does not, then the statutes constitute different offenses. Otherwise, they are the same offense for *Blockburger* purposes." *Boyd*, 798 F.3d at 494. At the second step, "if the statutes fail *Blockburger,* then the court must look to whether the legislature nevertheless clearly intended for the statutes to apply simultaneously and impose cumulative punishment." *Id.* at 498. At the heart of the double jeopardy analysis is a question of statutory interpretation. After reviewing petitioner's petition, I conclude that the Wisconsin Court of Appeals correctly applied these standards in this case.

In Wisconsin, the elements of second-degree reckless injury are: (1) the defendant caused great bodily harm to the victim; and (2) the defendant caused great bodily harm by criminally reckless conduct. Wis. Stat. § 940.23(2); Wis. JI-Criminal 1252 (2015). The elements of first-degree recklessly endangering safety are: (1) the defendant endangered the safety of another human being; (2) the defendant endangered the safety of another human being by criminally reckless conduct; and (3) the circumstances of the defendant's conduct showed utter disregard for human life. Wis. Stat. § 941.30(1); Wis. JI-Criminal 1345 (2015).

The Wisconsin Supreme Court has held that reckless injury and recklessly endangering safety "are identical in their elements of the crimes with the exception that [reckless injury] has the element of causing great bodily harm while [recklessly endangering safety] requires only the endangering of another's safety." *State v. Weso*, 60 Wis. 2d 404, 210 N.W.2d 442, 444 (1973). Thus, under Wisconsin law, second-degree recklessly endangering safety is a lesser included offense of second-degree reckless injury. *Id.* But petitioner contends that first-degree recklessly endangering safety is *also* a lesser included offense of second-degree reckless injury. His theory is that the "criminally reckless conduct" element for second-degree

4

reckless injury includes the "utter disregard" element for first-degree recklessly endangering safety. As the Wisconsin Court of Appeals explained, this is not the law in Wisconsin.

Under Wis. Stat. § 939.24(1), "'criminal recklessness' means that the actor creates an unreasonable and substantial risk of death or great bodily harm to another human being and the actor is aware of that risk." This element is the *mens rea*, or state of mind required for reckless crimes. *State v. Jensen*, 2000 WI 84, ¶ 15, 236 Wis. 2d 521, 613 N.W.2d 170. But "utter disregard" is *not* part of a defendant's state of mind, and is instead an objective consideration that turns on the circumstances of a particular crime. *Id.* ¶ 17. The two elements involve related inquires and proof, but "utter disregard" is not subsumed in "criminally reckless conduct."

Moreover, as the Wisconsin Court of Appeals explained, petitioner's theory would render the "utter disregard" element meaningless. To borrow the state court's example, "utter disregard" is the distinguishing element between first-degree and second-degree reckless injury. Thus, if petitioner were correct that "criminally reckless conduct" already contained "utter disregard," then there would be no difference between the two offenses. The court of appeals concluded that the Wisconsin legislature could not have intended such a result, and so it rejected petitioner's position. As a backstop for its conclusion, the Wisconsin Court of Appeals also noted that petitioner was judicially estopped from asserting his double jeopardy arguments because he had pleaded no contest to both offenses. The court reasoned that after acknowledging his guilt for two separate offenses, and thereby greatly reducing his potential maximum sentence, petitioner could not reverse course on appeal by arguing that the two crimes were actually one.

5

Whether I agree or disagree with the state courts' interpretations of the two statutes at issue in petitioner's case, those interpretations are matters of state law. *McCloud v. Deppisch*, 409 F.3d 869, 874 (7th Cir. 2005). "State law errors normally are not cognizable in habeas proceedings . . . and the fact that the state court's interpretation of state law happens to be central to the double jeopardy analysis does not permit [a habeas court] to review the Wisconsin Court of Appeals' construction of Wisconsin law." *Id.* at 874-75. Here, the Wisconsin Court of Appeals considered whether the state legislature had intended to provide for multiple punishments in petitioner's case and reached a reasonable conclusion. This is all that the Double Jeopardy Clause requires. *Id.* at 875-76. Based on petitioner's petition, I conclude that he is plainly not entitled to habeas relief. I must therefore dismiss the petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Marlon D. Duffie's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED and this case is DISMISSED. The clerk of court is directed to close this case.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered April 5, 2016.

                         BY THE COURT:

                         /s/

                         _____

                         JAMES D. PETERSON
                         District Judge